```
                    UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY COBBS,                      :
                                    :
          Petitioner,               :CIVIL ACTION NO. 3:05-CV-1966
                                    :
     v.                             :
                                    :(JUDGE CONABOY)
JAMES WYNDER, Warden,               :(Magistrate Judge Smyser)
PA. STATE ATTORNEY GENERAL,         :
                                    :
          Respondents.              :
                                    :
```
___

**ORDER**

**AND NOW, THIS 7th DAY OF MARCH 2006, IT APPEARING TO THE COURT THAT:**

1. Petitioner, an inmate at the State Correctional Institute-Dallas, Dallas, Pennsylvania, filed this habeas corpus action pursuant to 28 U.S.C. § 2254 on September 29, 2005, claiming that his Sixth Amendment right to confrontation of an adverse witness was violated at his 2003 York County trial where he was convicted of robbery and conspiracy, (Doc. 1);

2. The matter was assigned to United States Magistrate Judge J. Andrew Smyser, who issued a Report and Recommendation, (Doc. 22), on February 8, 2006, recommending that the instant petition be dismissed on the merits, (*id*. at 9);

3. No objections to the Magistrate Judge's Report and Recommendation were filed and the time for such filing has passed.

**IT FURTHER APPEARING TO THE COURT THAT:**

1. When a magistrate judge makes a finding or ruling on a

motion or issue, his determination should become that of the court unless objections are filed.  See Thomas v. Arn, 474 U.S. 150-53 (1985).  Moreover, when no objections are filed, the district court is required only to review the record for "clear error" prior to accepting a magistrate judge's recommendation.  See Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998).

    2. Our review of the record reveals no clear error in the Magistrate Judge's conclusion that the trial judge's ruling which Petitioner questions was not a ruling that was contrary to or involved an unreasonable application of clearly established federal law as is necessary to succeed in this 28 U.S.C. § 2254 action.  *See* 28 U.S.C. § 2254(d).  Here, the Magistrate Judge analyzed the trial judge's ruling in question under the guidelines set forth by the United States Supreme Court in *Delaware v. Van Arsdall*, 475 U.S. 673, 678-79 (1985), and appropriately concluded that the trial judge did not improperly limit Petitioner's counsel's cross-examination.  (*See* Doc. 22 at 6-9.)

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

    1.    The Magistrate Judge's Report and Recommendation, (Doc. 22), recommending that the Petitioner's petition be dismissed, is ADOPTED;

    2.    Petitioner's Petition for Writ of Habeas Corpus, (Doc. 1), is DISMISSED;

    3.    There is no basis for the issuance of a certificate of

   appealability;

4. The Clerk of Court is directed to close this case.


                              S/Richard P. Conaboy
                              RICHARD P. CONABOY
                              United States District Judge